*265 OPINION of the Court, by
Ch. J. Boyxe.
-This was an action of debt upon a prison bounds bond taken to the jailer and assigned by him to the plaintiffs. The defendants pleaded that they had not broken the condition, and issue being thereupon joined, a verdict and judgment were given against the defendants; from which they have appealed to this court.
The points made by the assignment of error are, in substance — 1st, That the plaintiffs are not duly named in any part of the record. 2d, The jailer is not autho-vised by law to assign such a bond as that declared on. ad, The assignment of the bond is not positively aver-Ved, as it should be, but by way of recital only.
1. The first point is evidently not available in this pourt. The plaintiffs sue by the names of Stotbard *266 Starky, ánd whether both or either of them have any other name, is not matter of law, but matter of fact s for we know of no law which requires a person to have two names, and if he has but one lie may certainly sue by that.
2. As to the second point, it is sufficient to remark that by the 15th section of the “ act to amend the law of proceedings in civil cases,” passed the 4th of February 1815, which is prior to the date of the bond in this case, the jailer is expressly authorised to take a prison’s bounds bond, and to assign it to the creditor at whose suit the prisoner is in custody. — 4 Litt. 387.
3. The third point is dearly not sustainable. It is well settled, that in a declaration it is sufficient to allege a deed or other instrument by recital; and though in a plea it is otherw ise, yet it would he aided by verdict or on a general demurrer. — Com. Dig. Plead. E 3 — 1 Sanders 274, note I. ■
Judgment affirmed with costs and damages.